United States District Court
District of Massachusetts

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 12-10120-4-NMG |
| **Julio Gonzalez** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In October, 2016, this Court dismissed the habeas petition of Julio Gonzalez ("Gonzalez"). In November, 2016, the First Circuit Court of Appeals directed this Court to issue or deny a certificate of appealability for him. For the following reasons, this Court will deny such a certificate.

I.  **Background**

Gonzalez petitioned to vacate his sentence pursuant to 28 U.S.C. § 2255 based upon the decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). Gonzalez does not assert any specific claims in the petition but rather he purportedly submits a "protective" petition to meet the June 26, 2016 deadline for obtaining relief under Johnson II.

In October, 2016, this Court denied Gonzalez's motion to vacate his sentence and dismissed his petition. Now pending

before this Court is the issue of whether a certificate of appealability should be issued.

## II. Certificate of Appealability

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B. Application

Gonzalez fails to demonstrate that "reasonable jurists could debate" whether the issues presented were adequate for further review. Slack, 529 U.S. at 484. First, Gonzalez was not sentenced as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Second, although

Gonzalez alleges that Johnson II has been applied in non-ACCA contexts, he does not provide any specific bases for vacating his sentence on Johnson II grounds.  Rather he filed a "skeletal" motion solely to meet the deadline for obtaining relief.  Without providing more precise claims, Gonzalez has not made a "substantial showing," under 28 U.S.C. § 2253(c)(2), that he has been denied a constitutional right.

Accordingly, the motion for a certificate of appealability with respect to the Gonzalez's habeas petition will be denied.

**ORDER**

In accordance with the foregoing, petitioner's request for a certificate of appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated January 23, 2017