UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIO GONZALEZ, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CRIMINAL ACTION<br>NO. 12-10120-NMG |

## REPORT AND RECOMMENDATION ON PETITIONER'S "MOTION TO VACATE UNDER 28 U.S.C. § 2255"

October 4, 2017

DEIN, U.S.M.J.

### I. INTRODUCTION

This matter is before the court on petitioner's "Motion Under 28 U.S.C. § 2255." (Docket No. 651). By this pleading, the petitioner, Julio Gonzalez, is seeking to vacate his sentence as being unconstitutional. The government has opposed the petitioner's filing as being a second and successive habeas petition for relief. (See Docket No. 654). A review of the record establishes that this is Gonzalez's second habeas petition under 28 U.S.C. § 2255, and that he failed to obtain authorization for such a filing from the First Circuit Court of Appeals. Therefore, and for the reasons detailed more fully herein, this court recommends to the District Judge to whom this case is assigned that this habeas petition (Docket No. 651) be dismissed.

### II. STATEMENT OF FACTS

Petitioner was determined by law enforcement to be a member of a violent kidnapping crew operating in Lawrence, Massachusetts that frequently targeted and abducted drug dealers

*Report and Recommendation accepted and adopted. NKMGorton, USDJ 3/20/18*

for ransom. (PSR ¶ 8).[1] He was charged in a Superseding Indictment, issued on May 16, 2013, with conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c). (Docket No. 122). The Indictment arose out of the kidnapping on January 30, 2012 of "JP," who had been held captive until a ransom was paid. (Id.; PSR ¶¶ 7-37) The incident involved the use of a firearm. (PSR ¶ 15).

### Gonzalez's Sentence

Gonzalez pled guilty on November 20, 2014 to conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). (Docket No. 445). The United States Probation Office determined that petitioner's overall offense level was 40, including enhancements for the ransom demand and use of a weapon. A three point reduction for acceptance of responsibility led to a total offense level of 37.[2] (PSR ¶¶ 43-53). Gonzalez was determined to have a criminal history category of II, based on two continuances without a finding for receiving stolen property and reckless endangerment of a child. (PSR ¶¶ 58-62). According to his PSR, Gonzalez's guideline range of imprisonment was 235 to 293 months. (PSR ¶ 94). On April 16, 2015, the court sentenced Gonzalez to a term of imprisonment of 192 months. (Docket No. 554).

### The First § 2255 Habeas Petition

On April 17, 2015, petitioner appealed his sentence to the First Circuit Court of Appeals. (Docket No. 555). While his appeal was pending, on June 24, 2016, Gonzalez filed his first *pro se* "Motion to Vacate under 28 U.S.C. § 2255" with the District Judge, alleging that his sentence was unconstitutional and should be reduced pursuant to Johnson v. United States, 135 S. Ct.

---

[1] The final Pre-Sentence Report is dated February 24, 2015 ("PSR").

[2] Petitioner's overall offense level was calculated as follows: the base offense level for the substantive offense was 32, there was a 6-level increase for the ransom demand, a 2-level increase for use of a dangerous weapon (firearm), and a 3-level decrease for acceptance of responsibility, for a total offense level of 37. (PSR ¶¶ 43-54).

2551, 192 L. Ed. 2d 569 (2015). (See Docket No. 618). In Johnson, the Supreme Court had ruled that imposing an increased sentence under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") was unconstitutional. Id. at 2563. The government opposed the § 2255 petition on the grounds that "the defendant's sentencing range was driven entirely by the kidnapping guidelines," and "[had] not [been] enhanced because he was deemed to be an armed career criminal or a career offender." (Docket No. 624 at 2). Thus, according to the government, Johnson had no relevance to Gonzalez's sentence. (Id.).

On October 11, 2016, the First Circuit issued a Judgment affirming Gonzalez's sentence. (Docket No. 633). On October 26, 2016, the District Court denied Gonzalez's motion and dismissed his § 2255 petition. (Docket No. 635). Gonzalez appealed the dismissal of his petition to the First Circuit on November 14, 2016. (Docket No. 637). The First Circuit requested that the District Court issue or deny a certificate of appealability, a necessary predicate for Gonzalez to appeal the denial of his habeas petition.[3] (See Docket No. 641). The District Court declined to issue the certificate of appealability, finding that Gonzalez had failed to establish that "reasonable jurists could debate" the merits of his contention that Johnson mandated that he be resentenced. (Docket No. 645 at 2). Thus, the District Court concluded, Johnson was inapplicable because Gonzalez had not been sentenced as an Armed Career Criminal under the ACCA. (Id.). In addition, Gonzalez had failed to put forth "any specific bases for vacating his sentence" under Johnson. (Id. at 3).

---

[3] Under 28 U.S.C. § 2253(c)(1), a prisoner may not appeal the dismissal of a habeas petition unless a certificate of appealability is issued by either the District Court or the Court of Appeals. A certificate of appealability may issue only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (internal quotation and citation omitted).

On February 14, 2017, while the appeal of his first habeas petition was pending before the First Circuit, Gonzalez filed the instant motion under 28 U.S.C. § 2255 (the "second habeas petition"). (Docket No. 651). Thereafter, on May 24, 2017, the First Circuit also refused to issue a certificate of appealability to allow Gonzalez to pursue the dismissal of his first habeas petition and his Johnson claim. (Docket No. 669). As the First Circuit ruled, "petitioner has failed to make the requisite showing that reasonable jurists could find debatable or wrong the district court's assessment of his claim." (Id. (citing Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000))).

In his second habeas petition, Gonzalez again challenges the enhancement of his sentence based on the ransom demand and use of a dangerous weapon. While the grounds for his challenge are not entirely clear, he does challenge the enhancement as being unconstitutional under Mathis v. United States, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). (Docket No. 651 at 1). He also reiterates his argument that under Johnson, he "no longer qualifies for an enhanced sentence" and that the imposition of the enhancement "violates due process and should be vacated, set aside or corrected." (Id. at 2).

Additional facts will be provided below where appropriate.

### III. DISCUSSION

A prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from a court of appeals to do so. 28 U.S.C. §§ 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). As such, a district court does not have jurisdiction over a second or successive habeas corpus petition "unless and until the court of appeals has decreed that it may go forward."

Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)). If authorization is not received from the court of appeals, the district court must dismiss or transfer the petition to the court of appeals. Bucci v. United States, 809 F.3d 23, 26 (1st Cir. 2015). Authorization may only be granted if the second or successive petition is based on "(1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive [to cases] on collateral review by the Supreme Court." Id. (citing 28 U.S.C. § 2255(h)).

In the instant case, the record is clear that Gonzalez failed to obtain authorization from the First Circuit Court of Appeals to file his second habeas petition. Consequently, this court lacks jurisdiction to entertain the petition and it should be dismissed. See Trenkler, 536 F.3d at 96 (district court lacks jurisdiction to hear an unapproved second or successive petition under § 2255).

Moreover, there is no grounds to transfer the petition to the Court of Appeals, since Gonzalez has not satisfied either of the § 2255(h) requirements. There is no claim of new evidence that would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense[.]" 28 U.S.C. § 2255(h)(1). In fact, Gonzalez does not refer to any facts at all. Nor does Gonzalez cite to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Gonzalez does cite to a new Supreme Court case, namely Mathis v. United States, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). In Mathis, the Supreme Court addressed what types of prior convictions qualify as a "violent felony" so as to count towards a sentence enhancement under the ACCA. Id. at 2247-48. As detailed above, Gonzalez's sentence was not enhanced due to any prior convictions. Therefore, even assuming

that Mathis constitutes a new rule of constitutional law, Mathis, like Johnson, has no application to Gonzalez's case. The second petition states no basis for the First Circuit to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the petitioner's "Motion Under 28 U.S.C. § 2255" (Docket No. 651) be DENIED, and that this second habeas petition be DISMISSED.[4]

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998)